[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-14315
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-22745-CV-DLG

RAY HENRY FAISON,

Plaintiff-Appellant,

versus

M. ROSADO,
G. BLACKMAN, et al.,

Defendants,

JUAN R. MONSERRATE,
M.D.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 18, 2005)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ray Henry Faison, a federal prisoner proceeding *pro se*, appeals the district court's grant of summary judgement in his 42 U.S.C. § 1983 action. On appeal, Faison argues that Dr. Monserrate, a staff doctor at Federal Correctional Institution in Miami (FCI), demonstrated deliberate indifference to his medical needs. Faison asserts that Dr. Monserrate violated his Eighth Amendment rights by failing to follow the recommendation of an orthopedist, Dr. Kim, to refer him to a physical therapist who would have instructed him on proper weight bearing in order to prevent his osteoporosis from progressing. Dr. Monserrate responds that Faison did not demonstrate a serious medical need, and Dr. Kim's comment regarding physical therapy was just a recommendation that Faison see a physical therapist if available.

Viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party, we review the district court's grant of summary judgment *de novo*. *Burton v. Tampa Housing Authority*, 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law.  *Celotex v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553 (1986). A party moving for summary judgment has the burden of showing that there is no genuine issue of fact.  *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990).

Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).  A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976).  In *Estelle*, the Supreme Court reasoned that "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those

needs will not be met." *Id*. at 103, 97 S. Ct. at 290. Every claim by a prisoner that he has not received adequate medical treatment, however, does not state a violation of the Eighth Amendment. *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999).

Medical treatment violates the Eighth Amendment only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). To show an objectively serious deprivation of medical care, an inmate must demonstrate (1) an objectively serious medical need that, left unattended, poses a substantial risk of serious harm, and (2) that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (quotation and citation omitted). In addition, to show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of "deliberate indifference," by demonstrating (1) awareness of facts from which the inference could be drawn that a substantial risk of serious harm existed, and (2) the drawing of this inference. *Id*. (quotation and citation omitted).

4

Because an inadvertent failure to provide adequate medical care does not constitute "unnecessary and wanton infliction of pain," a prisoner's complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 292. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id*. at 106, 97 S. Ct. at 292.

In the instant case, the district court did not err in granting summary judgment as to Faison's claim of deliberate indifference to his medical needs. Faison's medical records show that he was regularly seen by the medical staff while at the FCI. Further, there is nothing in the record that would indicate that Dr. Kim's November 2000 notation that Faison should be referred to a physical therapist, if available, was an order and not just a recommendation. Nevertheless, Dr. Monserrate treated Faison consistently with Dr. Kim's recommendation by referring him to a mid-level practitioner who instructed Faison on proper ROM exercises and weight bearing activities. Dr. Monserrate regularly referred Faison to an orthopedic consultant, and Faison was consistently advised to start bearing

5

weight on his right foot rather than using a wheelchair or crutches. Although Faison might not agree with the method of treatment provided, matters of medical judgment do not give rise to a § 1983 claim. Even if physical therapy was a part of a more aggressive treatment plan, Dr. Monserrate's failure to refer Faison to a physical therapist may amount to negligence but not to a cognizable constitutional claim.

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error.

**AFFIRMED.**